UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL J. SULLIVAN,

    Petitioner,

v.

M.D. BITER, Warden,

    Respondent.

Case No. 12-5123 WHO (PR)

**ORDER OF DISMISSAL**

# INTRODUCTION

Petitioner Michael Sullivan seeks federal habeas relief from his state convictions. Respondent moves to dismiss as untimely the petition for such relief. For the reasons discussed herein, respondent's motion to dismiss is GRANTED. The petition is DISMISSED.

# DISCUSSION

**A.  Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to every federal habeas petition filed on or after April 24, 1996, contains a statute of limitations codified at 28 U.S.C. § 2244(d). Federal habeas petitions must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment

1  to filing an application created by unconstitutional state action was removed, if such action
2  prevented petitioner from filing;  (3) the constitutional right asserted was recognized by the
3  Supreme Court, if the right was newly recognized by the Supreme Court and made
4  retroactive to cases on collateral review; or (4) the factual predicate of the claim could
5  have been discovered through the exercise of due diligence.  *See id.* § 2244(d)(1).
6  "[W]hen a petitioner fails to seek a writ of certiorari from the United States Supreme
7  Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day
8  period defined by Supreme Court Rule 13 expires." *Bowen v. Roe*, 188 F.3d 1157, 1159
9  (9th Cir. 1999).

## B.   Timeliness of the Petition

On August 29, 2007, the state supreme court denied Sullivan's petition for direct review of his six robbery convictions.  Sullivan, then, had one year and ninety days, that is, until November 27, 2008, to file a timely federal habeas petition.  The instant petition, however, was not filed until September 6, 2012,[1] well after the November 27, 2008 deadline.  On this record, absent statutory or equitable tolling, the petition is barred by AEDPA's statute of limitations and must be dismissed.

### 1.   Statutory Tolling

For purposes of statutory tolling, the time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(2).  Sullivan filed many petitions for collateral relief in the state courts, the last of which was denied by the state supreme court on April 14, 2010.  The instant action was filed 876 days later, on September 6, 2012.

Sullivan is not entitled to statutory tolling because the instant petition was filed more than a year (and ninety days) after the last state petition was denied.  Absent equitable tolling, the petition must be dismissed.

---

[1] Sullivan is entitled to this filing date, rather than the October 2, 2012 date listed in the docket. The Court assumes that he put the petition in the prison mail the day he signed it (September 6, 2012) and will use that as the filing date under the prisoner mailbox rule. *See generally Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

### 2. Equitable Tolling

Sullivan alleges that he is entitled to equitable tolling because he is not an attorney, the law libraries at the prisons were inadequate, and he suffers from various physical and mental illnesses that the prison authorities have not adequately treated.

A federal habeas petitioner is entitled to equitable tolling if he can show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

Sullivan has not shown neither requirement in his Petition for Writ of Habeas Corpus nor Petitioner's Pro Se Opposition To The Respondent's Motion To Dismiss His Habeas Corpus Petition. First, his lack of legal sophistication is not itself an extraordinary circumstance warranting equitable tolling, *see Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *see also Majoy v. Roe*, 296 F.3d 770, 776 n.3 (9th Cir. 2002). Second, his allegations regarding law libraries and medical conditions are conclusory and lack sufficient detail connecting those alleged barriers to his failure to file within the deadline. Importantly, his filing of many state collateral petitions prior to the federal filing deadline belie his assertions that he lacked the mental or physical ability to file a timely petition. Third, Sullivan has not shown that he has been pursuing his rights diligently, as evidenced by the more than two year delay in filing the current petition. On this record, he is not entitled to equitable tolling. Accordingly, the petition must be dismissed.

### CONCLUSION

For the reasons stated above, respondent's motion to dismiss the petition as untimely (Docket No. 12) is GRANTED. The petition is hereby DISMISSED.

//
//
//
//

1    A certificate of appealability will not issue.  Petitioner has not shown "that jurists of
2 reason would find it debatable whether the petition states a valid claim of the denial of a
3 constitutional right and that jurists of reason would find it debatable whether the district
4 court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
5 The Clerk shall enter judgment in favor of respondent, terminate Docket No. 12, and close
6 the file.
7    **IT IS SO ORDERED.**
8    **Dated:**  September 26, 2013



WILLIAM H. ORRICK
United States District Judge

4

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SULLIVAN,<br><br>          Plaintiff,<br><br>  v.<br><br>M.D. BITER et al,<br><br>          Defendant. | Case Number: CV12-05123 WHO<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 26, 2013, I SERVED a true and correct copy of the attached, by placing said copy in a postage paid envelope addressed to the person hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy into an inter-office delivery receptacle located in the Clerk's office.

Michael J. Sullivan V-60931
Kern Valley State Prison
P. O. Box 5104
Delano, CA 93216

Dated: September 26, 2013

Richard W. Wieking, Clerk
By: Jean Davis, Deputy Clerk